### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**MELVIN DEWAYNE WILLIAMSON, #27502**                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:09CV37-LRA**

**SHANE LANG AND BART EVANS**                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This cause came on to be heard for trial before the undersigned United States Magistrate Judge on November 9, 2009, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. Melvin Dewayne Williamson [hereinafter "Plaintiff"] appeared *pro se*, and Shane Lang and Bart Evans [hereinafter "Defendants"] were represented by Rebecca B. Cowan and M. Joanna Gomez of the law offices of Currie Johnson Griffin Gaines & Myers, P.A. The trial was conducted pursuant to the parties having executed a Consent to the Exercise of Jurisdiction by a United States Magistrate Judge on June 17, 2009. On August 14, 2009, Honorable Henry T. Wingate, United States District Judge, entered an Order referring this matter to the undersigned for all further proceedings in accordance with 28 U.S.C. 636(c), FED. R. CIV. P. 73, and the parties' consent.

Plaintiff brought his action against Defendants under 42 U.S.C. § 1983, alleging that Defendants, while acting within the course and scope of their employment with the Madison County Sheriff's Department, exerted excessive force towards him while arresting him. Specifically, Plaintiff alleged that Defendants injured him while arresting him by repeatedly applying their tasers to his sides while he was handcuffed in the back of a patrol car.

Plaintiff's evidence consisted primarily of his own testimony, and that of his ex-wife, Margaret C. Williamson. Plaintiff also called Defendants as adverse witnesses during the trial. Margaret C. Williamson testified that she did not see Defendants tase Plaintiff. Plaintiff gave the

following account of the alleged use of excessive force. He testified that he was arrested on March 11, 2008, by Officers Lang and Evans after they came to his home while responding to a complaint of a domestic disturbance received by the Madison County Sheriff's Department. He testified that after his arrest, Officer Lang placed him in the back of his patrol car and went back inside the house. He testified that as he began to move in the back of the patrol car, the handcuffs placed on him by Officer Lang began to tighten. He testified that he began to kick the windows of the patrol car, trying to alert the officers of the situation. He testified that Officer Lang came to the car, opened the car door, and leaned in to speak with him. He testified that at some point he accidently head-butted Officer Lang. He testified that immediately afterwards, both Officer Lang and Officer Evans tasered him. He testified that Officer Lang tasered him on his left side and that Officer Evans tasered him on his right side after going around the squad car and opening the back door to the passenger side of the car.[1] Plaintiff testified that both officers tasered him several times without justification.

On cross-examination Plaintiff admitted that he had been arrested previously in September 2006, and, after he was arrested, he exhibited similar violent disruptive behavior after being placed in a patrol car. He also admitted that he had a prior history of alcohol-related episodes of violence, domestic violence and disturbing the peace. He also admitted that he had been drinking the night of his arrest, and that he had threatened family members with a knife before the officers arrived at his house. Plaintiff testified that he had shoulder pain and sometimes experienced numbness and

---

[1] Plaintiff argued that a diagram prepared on him upon his booking into the Madison County Detention Center showed that he had been tased on his right side. However, the Court's review of the actual nurses' notes prepared on Plaintiff clearly showed that he complained of being tasered on the left side, and that the nurse wrote that she had noted taser marks on Plaintiff's left side.

pain in the area where he was tased. When asked about the nature and extent of his alleged injuries, Plaintiff conceded that the shoulder pain could have been the result of his falling during a subsequent detention.

During Defendants' case in chief, Officer Lang testified about his credentials and training in the use of a taser. He also demonstrated to the Court how he placed the handcuffs on Plaintiff, which would have prevented them from tightening as a result of any movement by Plaintiff. Officer Lang further provided a narrative of what occurred during the Plaintiff's arrest and explained why he made the decision to tase Mr. Williamson. Officer Lang testified that once Plaintiff intentionally head-butted him, he became disoriented for a brief moment. He determined that Plaintiff was being disruptive and could possibly escape from the back of the squad car. He explained to the Court that he only tased Mr. Williamson once, and afterwards, Mr. Williamson apologized and calmed down. Officer Evans denied during his testimony that he ever used his taser on Plaintiff. Officer Evans also testified about the role he played during the arrest of Plaintiff, which did not involve any use of force and was consistent with Officer Lang's version of the incident.

Finally, Major Chuck McNeal, the Administrator of the Madison County Detention Center (MCDC), testified regarding the contents of Plaintiff's jail file and the procedures used at the MCDC during the processing of a detainee who exhibits any evidence that he has been injured. Major McNeal also identified certain medical records maintained on Plaintiff at the MCDC.

After hearing all of the testimony, and after receiving all evidence presented at the trial, the Court found as follows:

For Plaintiff to have established that either of the Defendants exerted excessive force against him during his arrest, he must have first proved that the force he claims they exerted against him was

not "applied in a good faith effort to maintain or restore discipline," and that the force "maliciously and sadistically caused harm." *Hudson v. McMillian*, 503 U.S. 1, 6-8 (1992). Additionally, for Plaintiff to have proved his excessive force claim, he must have presented credible evidence that he suffered more than a *de minimus* injury as a result of the alleged force. *Id*. As to the alleged excessive force Plaintiff claims Defendants exerted against him, the Court finds that the testimony of Officers Lang and Evans is credible, and that this testimony established that Plaintiff was exhibiting aggressive conduct at the time the force was applied. He had kicked the windows of the patrol car and had assaulted Deputy Lang by head-butting him. As a result, the Court finds that the credible testimony established that the officers only used the amount of force necessary to gain control over Plaintiff.

The Court further finds that Plaintiff's description of the kind of force that was applied against him, *i.e.*, that he was tased several times, was not supported by the credible evidence. First, some of Plaintiff's medical records, which were generated at the time he was booked into the MCDC, established that Plaintiff was never tased on his right side. Additionally, these records do not indicate that Plaintiff was tased the number of times he claims he was tased at trial. As a result, the Court finds that the credible evidence does not indicate that the force applied to the Plaintiff by either Defendant was applied maliciously or sadistically to cause harm to Plaintiff. Additionally, the Court finds that Plaintiff's description of the alleged injuries he suffered as a result of Officer Lang's use of force (the taser) does not establish that Plaintiff suffered anything more than a *de minimus* injury. First, although Plaintiff complained that his shoulder was injured during the tasing incident, he admitted on cross-examination that his shoulder pain could have been the result of a fall he experienced while being housed at the MCDC. Additionally, the numbness and pain Plaintiff

4

described in the area in which he was tased do not satisfy the requirement that Plaintiff must have proved that he suffered more than a *de minimus* physical injury as a result of the alleged excessive force. *Id* at 503 U.S. 8.

For these reasons, the Court finds that Plaintiff failed to establish by a preponderance of the evidence that he suffered a constitutional violation as a result of any conduct by Defendants. Final Judgment shall be entered for Defendants on today's date, and Plaintiff's complaint shall be dismissed with prejudice.

SO ORDERED, this the 26th day of February, 2010.


                                        S/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE